**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-11048
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARAPET TER-VARTANYAN,

Defendant-Appellant.

Appeal from United States District Court
for the Northern District of Texas
(3:95-CR-118-R)

August 2, 1996
Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Karapet Ter-Vartanyan appeals his conviction and sentence for unauthorized use of an access

device in violation of 18 U.S.C. § 1029(a)(2). He argues that the district court erred in denying him

an offense-level reduction for acceptance of responsibility in adding two points to his criminal history

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

score based on his having been on probation at the time he committed the instant offense, and in providing no basis for its calculation of the monetary loss caused by his offense.

The government argues that, through his plea agreement, Ter-Vartanyan waived any challenge to his sentence. Although a defendant may, as part of his plea agreement, waive his statutory right to appeal his sentence, see United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992), the defendant's waiver must be determined to be informed and voluntary based on the record of the defendant's plea colloquy. United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir.), cert. denied, 115 S. Ct. 244 (1994). The government's failure to submit into the record on appeal a copy of Ter-Vartanyan's plea colloquy, however, prevents this court from reviewing the government's claim.

We have reviewed Ter-Vartanyan's arguments and the record and find that the district court did not clearly err in denying an acceptance-of-responsibility reduction. United States v. Watkins, 911 F.2d 983, 985 (5th Cir. 1990). The court's finding that Ter-Vartanyan was on probation at the time he committed his offense was supported by evidence bearing sufficient indicia of reliability. United States v. Mathei, 913 F.2d 1130, 1138 (5th Cir. 1990); United States v. Fike, 82 F.3d 1315, 1326 (5th Cir. 1996). Ter-Vartanyan did not raise his contention regarding loss-calculation before the district court and has not shown plain error. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994), cert. denied, 115 S. Ct. 1266 (1995).

AFFIRMED.